# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Morton Denlow |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4576 | **DATE** | 1/04/2001 |
| **CASE TITLE** | Kobzev, et al. vs. INS, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioners Kobzev, et al. application for E.A.J.A. fees and costs [6-1] is granted. The Clerk of the Court is directed to enter a judgment in favor of Petitioners and against Respondents in the amount of $2,526.26 for attorney's fees and costs pursuant to the Equal Access to Justice Act. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JAN 0 4 2001 | |
| | Notified counsel by telephone. | date docketed | 13 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 1/3/2001 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| DK | courtroom deputy's initials | 01 JAN -4 PM 3:38 | |
| | | DK mailing deputy initials | |
| | | Date/time received in central Clerk's Office | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DR. YURI KOBZEV, KATYA KOBZEVA and LEILIA KOBZEVA, | )<br>)<br>) |
| Petitioners, | ) Case No. 00 C 4576<br>) |
| v. | )<br>) |
| UNITED STATES IMMIGRATION & NATURALIZATION SERVICE, BRIAN PERRYMAN, in his official capacity as District Director of Chicago District Office of INS, & JANET RENO, Attorney General of the United States, the UNITED STATES OF AMERICA, DEPARTMENT OF STATE & UNITED STATES OF AMERICA, | ) Magistrate Judge Morton Denlow<br>)<br>)<br>)<br>)<br>)<br>) DOCKETED<br>) JAN 0 4 2001<br>) |
| Respondents. | ) |

## MEMORANDUM OPINION AND ORDER

This case is now before the Court on Petitioners' application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). This case was previously before Chief Judge Marvin E. Aspen, who granted petitioners' petition for mandumus, but delayed its implementation to permit the Respondents to adjudicate Petitioners' application to the permanent diversity immigrant program prior to September 20, 2000, or risk being found in contempt of court. (Minute Order decision dated 8/15/00). The principal issues presented are whether Petitioners were prevailing parties and whether

13

Respondents were substantially justified in their legal and factual positions. An oral argument was held on December 12, 2000. Because the Court finds Petitioners to be prevailing parties and the Respondents' position was not substantially justified, the Court grants Petitioners' application in the amount of $2,526.26.

I. **BACKGROUND FACTS**

The background facts are set forth in Judge Aspen's Order of August 15, 2000 as follows:

> Kobzev is a winner of the INS' so-called Diversity Visa Lottery program, 8 U.S.C. §§ 1151(a)(3), 1153, under which the INS grants permanent visas to approximately 55,000 individuals per year who meet certain eligibility requirements. Because the INS selects approximately 100,000 "winners" in each lottery, not every visa applicant actually receives a visa. Kobzev registered for the 2000 visa program and was notified in May, 1999 that he had "won" the right to apply for a visa and that he had until the end of fiscal year 2000 - or September 30, 2000 - to have his application adjudicated by the INS. In order to insure that the INS received his completed application in time to make its determination by the deadline, Kobzev and his family began to complete the documentation and application and were scheduled to have an INS interview in Chicago in January, 2000.
>
> The record shows that since May, 1999, Kobzev has diligently pursued the progress of his case. However, due to various bureaucratic errors as well as Kobzev's decision to change the processing location of his visa application from Chicago to Moscow, and then back to Chicago - based on information he received about the length of time it would take to process his application at the different locations - as of July, 2000, the INS had still not adjudicated Kobzev's application.
>
> Although the INS argues that we should deny Kobzev's petition for mandamus because he contributed to the delay by changing thee processing location of his application, it offers no support for this proposition. Further, the evidence shows that all of Kobzev's decisions to change his processing locations took place over the course of a single week, and by August, 1999

Kobzev had sent the INS several letters stating unequivocally that he would like to change the location of his application back to Chicago. Although it appears that the INS may have then requested Kobzev's application be returned from Moscow, various roadblocks, such as an incorrect fax number for the embassy in Moscow, prevented the application from being returned until July, 2000.

On July 27, 2000, Petitioners filed their petition for writ of mandamus. On August 7, Respondents filed their response. Petitioners filed their reply on August 11. Judge Aspen ruled on August 15, granting the petition for mandamus, but delaying its implementation until September 20, 2000. The applications for adjustment of status were approved on August 24.

## II. STANDARD FOR FEE AWARD UNDER EAJA

EAJA directs a court to award attorney fees and other expenses to private parties who prevail in litigation against the United States if, among other conditions, the Government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A) and (B). The position of the United States includes both its position during litigation and its position during the administrative proceedings. 28 U.S.C. § 2412(d)(2)(D). To meet its burden of proof the government must establish that its position had a reasonable basis in law and fact. *Cummings v. Sullivan*, 950 F.2d 492, 495 (7th Cir. 1991).

The standard of "substantially justified" is satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988). "While the parties' postures on individual matters may be more or less justified, the EAJA – like other fee-shifting

3

statutes -- favors treating a case as an inclusive whole, rather than as atomized line items." *Commissioner, INS v. Jean*, 496 U.S. 154, 161-162, 110 S. Ct. 2316, 2320-2321 (1990).

The Government's success on the merits is relevant to the "substantial justification" determination. In *Pierce*, the Supreme Court observed: "Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose. Nevertheless, a string of losses can be indicative; and even more so a string of successes." *Pierce*, 487 U.S. at 568, 108 S. Ct. at 2551.

## III. THE PETITIONERS WERE PREVAILING PARTIES

The EAJA applies to the award of attorney's fees and costs in immigration cases. *Commissioner of INS v. Jean*, 496 U. S. 154, 110 S. Ct. 2316 (1990). Petitioners "may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Hensley v. Eckerhart*, 461 U. S. 424, 433, 103 S. Ct. 1933, 1939 (1983). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Texas State Teachers Assn., v. Garland Independent School District*, 489 U. S. 782, 792-3, 109 S. Ct. 1486, 1494 (1989).

In the instant case, Petitioners obtained a writ of mandamus, their INS hearing, and their residency papers before September 30, 2000. This litigation was of substantial benefit

4

to Petitioners in becoming lawful permanent residents because it required the INS to adjudicate Petitioners' application by September 20 or face a writ and possible contempt. Judge Aspen's order was instrumental in causing the INS to adjudicate Petitioners' claim. The order was a "catalyst" in obtaining a favorable outcome. *Nanetti v. University of Illinois at Chicago*, 807 F.2d 990, 993 (7th Cir. 1989).

## IV. THE RESPONDENTS HAVE NOT MET THEIR BURDEN OF PROOF THAT THEIR POSITION WAS SUBSTANTIALLY JUSTIFIED

The Respondents have failed to show their position was substantially justified. Respondents claim Petitioners' adjustment of status application was delayed through their own actions. Judge Aspen rejected this argument and found Respondents were principally responsible for the delay in processing Petitioners' application. Under these circumstances, the Respondents were not justified at the administrative level in delaying processing. Absent a lawsuit, Petitioners would not have been able to invoke the court's assistance to insure the INS would no longer delay the processing. Furthermore, once suit was filed, Judge Aspen's order helped to insure prompt processing.

In addition, there are no special circumstances present in this case which would make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). Furthermore, none of the Petitioners had a net worth exceeding $2,000,000 at the time suit was filed. 28 U.S.C. § 2412(d)(2)(B). Accordingly, Petitioners are entitled to EAJA fees.

## V. PETITIONERS ARE ENTITLED TO $2,526.26 IN FEES AND COSTS

The EAJA provides that a "fee award ... shall be based on prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). The lodestar rate of $139.78 is appropriate in this case. Petitioners' counsel is experienced, the services rendered were necessary and proper, and the time spent was kept to a minimum. Respondents acknowledge that Petitioners were persistent and "hired an extremely competent immigration practitioner in order to guide his petition through the process and was ultimately successful in being approved for permanent residency in the United States." (Respondents' Br. p. 6). The total number of hours are 17 which includes 16 in the application for fees, plus one additional hour for preparation and oral argument in court on December 12. In addition, Petitioners are entitled to recover court filing fees of $150.00.

## VI. CONCLUSION

**Petitioners' application for fees and costs is granted because they have met all of the requirements under the Equal Access to Justice Act. The Clerk of the Court is directed to enter a judgment in favor of Petitioners and against Respondents in the amount of $2,526.26 for attorney's fees and court costs pursuant to the Equal Access to Justice Act.**

SO ORDERED THIS 4th DAY OF JANUARY, 2001.

_____
**MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE**

**Copies mailed to:**

Robert Carpenter
Carpenter & Capt Chtd.
53 West Jackson Blvd.
Suite 1511
Chicago, IL 60604
**Attorney for Petitioners**


Craig A. Oswald
Assistant U. S. Attorney
219 South Dearborn Street
Suite 500
Chicago, IL 60604
**Attorney for Respondents**